IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GLENN RIPPLEY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 22-CV-2179-SMY |
| TEAMSTERS LOCAL 50, and TEAMSTERS LOCAL 525, | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Plaintiff Glenn Rippley filed this lawsuit *pro se*, seeking injunctive relief against Defendants Teamsters Local 50 and Teamsters Local 525 for alleged disability and race discrimination. This matter is now before the Court for consideration of Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* ("IFP") (Doc. 2).

Under 28 U.S.C. § 1915, an indigent party may commence a federal lawsuit without paying required costs and fees upon submission of an affidavit asserting the inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Here, Plaintiff has sufficiently established his indigence. He has no income and has approximately $800 in his checking or savings account. As such, the Court finds that Plaintiff is unable to pay the costs of commencing his lawsuit. However, the Court's inquiry does not end there; § 1915(e)(2) requires careful threshold scrutiny of a Complaint filed by a plaintiff seeking to proceed IFP.

The Court may dismiss a case if it determines the action is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. §

1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). To state a viable claim, the Complaint must contain allegations that go beyond a merely speculative level. *Dewalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In the Complaint, "Confidential Witness Affidavit", and other exhibits (Docs. 1, 1-1, 1-2, 1-3), Plaintiff alleges that he is a member of Teamsters Local 50 and Teamsters Local 525 and regularly signs up to receive work from these unions. On or about June 8, 2022, representatives from both unions avoided placing him in jobs because of his handicap – passive aggressive personality disorder and cancer for which he is required to attend chemotherapy twice a month – and race. Plaintiff attached a Notice of the Right to Sue from the United States Equal Employment Opportunity Commission dated September 16, 2022 and asserts original jurisdiction based on violations of the Americans with Disabilities Act ("ADA") and Title VII of the Civil Rights Act of 1964. (Doc. 1, pp. 2-3). Of note, instead of monetary damages, Plaintiff seeks injunctive relief for treatment by his unions, including removing do not refer letters in his file, stopping verbal abuse, and honoring "executive order 11246" (Doc. 1-3, p. 1).

The ADA prohibits discrimination by a covered entity "against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Because labor unions are "covered entities" under the ADA, union members can bring claims against labor unions for such violations. 42 U.S.C. § 12111(2). Under the ADA, a person is disabled if (1) he has a physical or mental impairment that substantially limits one or more of his major life activities; (2) has a record of such an impairment; or (3) is regarded as having such an impairment. 42 U.S.C. §

12102(1). Discrimination under the ADA can include claims of unequal treatment, failure to accommodate a disability, or retaliation. *Youngman v. Peoria Cty.,* 947 F.3d 1037, 1042 (7th Cir. 2020) ("Discrimination [under the ADA] can take the form of treating a disabled employee differently from other workers or failing to make reasonable accommodations to the known limitations of the employee"); *Guzman v. Brown Cty.,* 884 F.3d 633, 642-643 (7th Cir. 2018) (describing standard for ADA retaliation claims).

Regardless of whether Plaintiff's personality disorder or cancer can be considered a disability at this stage, he pleads that Defendants perceived him as disabled and treated him differently than other union members. *See* 42 U.S.C. § 12102(1)(C). Therefore, the Court finds that Plaintiff has adequately pleaded an ADA claim. *Youngman v. Peoria Cty.,* 947 F.3d at 1042. Additionally, the Court finds that Plaintiff has adequately pled a Title VII race discrimination claim; he alleges that, because of his race, Defendants stopped his placement for potential jobs, which is sufficient under federal pleading standards. See, 42 U.S.C. § 2000e-2(c)(2).

As Plaintiff has stated a claim under the Americans with Disabilities Act and Title VII, his Motion to Proceed *in forma pauperis* is **GRANTED**. Pursuant to Fed. R. Civ. P. 4(c)(3), The Clerk of Court is **DIRECTED** to prepare and issue, for each named defendant, Form AO 440, Summons in a Civil Action, to Plaintiff and enclose blank USM-285 forms for each named defendant. If Plaintiff wishes the United States Marshals Service to serve process in this case, she shall provide to the United States Marshals Service the summons issued, the appropriately completed USM-285 forms and sufficient copies of the Complaint for service. Upon receipt of the aforementioned documents from Plaintiff, and pursuant to Federal Rule of Civil Procedure 4(c)(3), the United States Marshal Service is **DIRECTED** to serve a copy of the Summons,

Complaint and this Order upon the defendants in any manner consistent with Federal Rule of Civil Procedure 4, as directed by Plaintiff.  Costs of service shall be borne by the United States.

**IT IS SO ORDERED.**

**DATED:  February 6, 2023**

**STACI M. YANDLE**
**United States District Judge**