IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GLENN RIPPLEY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 3:22-CV-2179-MAB |
| | ) |
| **TEAMSTERS LOCAL #50 and** | ) |
| **TEAMSTERS LOCAL #525,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is currently before the Court on Plaintiff's submission titled "Complaint Against the Magistrate Judge," which was docketed by the Clerk of Court as a "Motion for New Judge" (Doc. 40). Both Defendants filed responses in opposition to the motion (Docs. 44, 45).

In the motion, Plaintiff states that he consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c) because he was told the proceedings would be efficient (Doc. 40, p. 1). He further claims that the undersigned told him at a scheduling conference on August 24, 2023 that a ruling on his motion to amend the complaint would be forthcoming in two or three days (Doc. 40, p. 1), but months later the ruling still had not been issued. Plaintiff claims the failure to issue a ruling "has damaged [his] prosecution with irreparable consequ[ences] and financial harm." (Doc. 40, p. 1). He also complains that a magistrate judge "does not have the authority to issue rental of court

space for deposition or authorized court reporter paid by government" (Doc. 40, p. 1). At the end of his motion, Plaintiff "as[ks] that Magistrate Ju[d]ge Mark A. Beat[t]y to recuse because of a conflict of interest and lack of impartiality" (Doc. 40, p. 1).

Based on the language at the end, the Court construes Plaintiff's motion as one asking the undersigned to recuse himself pursuant to 28 U.S.C. § 455. That statute provides, in pertinent part, that a judge shall disqualify himself "in any proceeding in which his impartiality might reasonably be questioned" or "[w]here he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a), (b)(1). Whether there is an appearance of partiality is assessed from the perspective of an objective, thoughtful observer who possesses all material facts. *Salem v. Att'y Registration & Disciplinary Comm'n of Supreme Ct. of Illinois*, 85 F.4th 438, 442 (7th Cir. 2023); *Thomas v. Dart*, 39 F.4th 835, 844 (7th Cir. 2022). Any bias "must be proven by compelling evidence" sufficient to convince a reasonable person that the judge is biased. *Grove Fresh Distribs., Inc. v. John Labatt, Ltd.*, 399 F.3d 635, 639 (7th Cir. 2002) (quoting *Lac du Flambeau Indians v. Stop Treaty Abuse-Wis., Inc.*, 991 F.2d 1249, 1255 (7th Cir. 1993). "The bias or prejudice "must be grounded in some personal animus or malice that the judge harbors . . . of a kind that a fair-minded person could not entirely set aside when judging certain persons or causes." *Grove Fresh Distribs.*, 399 F.3d at 639. "Judicial rulings alone almost never constitute a valid basis" for a recusal motion. *Liteky v. United States,* 510 U.S. 540, 555 (1994).

As an initial matter, the undersigned notes that there was no hearing held on August 24, 2023, like Plaintiff asserts. The first time the undersigned held a hearing in this case was on September 7, 2023 (Doc. 35). Additionally, the undersigned rarely (if

ever) promises to issue a ruling within a certain timeframe because such promises are far too difficult to keep with a heavy caseload. While the Court did not rule on Plaintiff's motion to amend as expeditiously as it would have liked, the delay was not because of any bias or prejudice toward any party in this case. It was simply because the undersigned is busy. The Court is currently responsible for approximately 125 civil cases aside from Plaintiff's, plus a large number of criminal matters during criminal duty months, and other miscellaneous tasks such as settlement conferences. The Court is cognizant that one of the key principles it must adhere to is to resolve cases in a just, speedy, and inexpensive fashion, *see* FED. R. CIV. P. 1, and the undersigned does everything possible to manage his caseload as promptly, efficiently, and fairly as possible. In this instance, no reasonable person would question the undersigned's impartiality based on the slight delay in ruling on Plaintiff's motion to amend.

Additionally, while the undersigned is unable to authorize the use of court space for a deposition or to authorize the federal government to pay for a court reporter at a deposition, the same is true of a district judge. As explained in the Court's previous Order, requests for use of court space are decided by the Clerk of Court, in coordination with the Chief Judge (Doc. 42). And the government does not pay for court reporters at depositions in a civil matter between two private parties. Rather, the party who asks for the deposition is responsible for paying the court reporter (Doc. 42). FED. R. CIV. P. 30(b)(3)(A). Consequently, neither of these issues provides any reason to require the undersigned to recuse or to otherwise allow for a change of judge.

Accordingly, for the reasons explained here, Plaintiff's motion for a new judge

(Doc. 40) is **DENIED**.

    **IT IS SO ORDERED.**

    **DATED: December 18, 2023**

                                                    <u>s/ Mark A. Beatty</u>
                                                    **MARK A. BEATTY**
                                                    **United States Magistrate Judge**